UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:15-cr-0201-JMS-TAB |
| | ) | |
| BERONTA SMITH, | ) | - 12 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on May 8, 2020, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on March 1, 2021, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On March 1, 2021, defendant Beronta Smith appeared in person with his appointed counsel, Sam Ansell. The government appeared by Jeff Preston, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Troy Adamson, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Smith of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Smith questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Smith and his counsel, who informed the court they had reviewed the Petition and that Mr. Smith understood the violations alleged. Mr. Smith waived further reading of the Petition.

3. The court advised Mr. Smith of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Smith was advised of the rights he would have at a preliminary hearing. Mr. Smith stated that he wished to waive his right to a preliminary hearing.

4. The court advised Mr. Smith of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Smith, by counsel, stipulated that he committed Violation Numbers 1, 3, 5, and 6 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid** |

|  | |
|---|---|
| | **prescription from a licenses medical practitioner.  You shall follow the prescription instructions regarding frequency and dosage."** |
| | On April 10, and 28, 2020, Beronta Smith submitted urine samples which tested positive for marijuana. He denied using the substance in response to the April 10, 2020, sample. The sample was sent to Alere Laboratory where it was confirmed as positive. |
| | As previously reported to the Court, the offender submitted urine samples on July 24, September 30, November 4, and December 10, 2019, which tested positive for marijuana. He admitted using the substance in each instance. |
| 3 | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment.  Testing may include no more than 8 drug tests per month.  You shall not attempt to obstruct or tamper with the testing methods."** |
| | Mr. Smith participates in the random call in drop line, where he is required to provide urine samples randomly twice per month. He failed to report on January 17, March 27, April 15, and 22, 2020. Additionally, his drug treatment therapist advised she requested a urine sample from the offender after his session in March, which he refused to provide. |
| 5 | **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |
| | As previously reported to the Court, the offender failed to report as directed on July 19, 22, 24, September 5, 13, 18, and 25, 2019. |
| 6 | **"You shall be monitored by GPS Monitoring for a period of up to 4 months, to commence as soon as practical, and shall abide by all the technology requirements.  You may be restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court-ordered obligations, or other activities as pre-approved by the probation officer.  You shall pay all of the costs of participation in the program, in accordance with our ability to pay."** |
| | Mr. Smith was on GPS Monitoring from October 1, 2019, to January 31, 2020. He was ordered to pay 50% of the costs of the program. He has not made a payment since he was placed on the monitoring device, and has a total amount due of $502.15. |

6.  The court placed Mr. Smith under oath and directly inquired of Mr. Smith whether he admitted Violation Numbers 1, 3, 5, and 6 of his supervised release set forth above. Mr. Smith admitted the violations as set forth above.

7.  Government orally moved to withdraw the remaining violations, which motion was granted by the Court.

8.  The parties and the USPO further stipulated:

    (a) The highest grade of Violation (Violations 1 - 6) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

    (b) Mr. Smith's criminal history category is VI.

    (c) The range of imprisonment applicable upon revocation of Mr. Canter's supervised release, therefore, is 8 -14 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The government argued for a sentence of forty-five (45) to ninety (90) days, to be served at the Volunteers of America. Defendant argued for a time served sentence with the Court entering a civil judgment for monies owed.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, BERONTA SMITH, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to time served with no further supervised release to follow. Defendant is ordered to pay $200 within forty-eight hours of this hearing. The remaining balance owed is to be paid within fourteen (14) days of this hearing. In making this recommendation, the magistrate judge notes that Mr. Smith's period of supervised release had expired at the time of the hearing. The options upon revocation were therefore a period of imprisonment, with or without a period of supervised release to follow, a lesser sanction (such as a period at VOA as advocated by the United States), or time served. In

recommending the latter, the magistrate judge cites Mr. Smith's full-time employment and his progress in maintaining a residence, both of which would be jeopardized by the other options.

Counsel for the parties and Mr. Smith stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Smith entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Smith's supervised release, imposing a sentence of time served with no supervised release to follow. Defendant is ordered to pay $200 within forty-eight hours of this hearing. The remaining balance owed is to be paid within fourteen (14) days of this hearing.

The defendant is released pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 3/9/2021

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

5

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system